(C. D. 109)

WOLF SAFETY LAMP CO. OF AMERICA, INC. *v.* UNITED STATES

## United States Customs Court, Second Division

(Decided February 24, 1939)

*Puckhafer, Rode & Rode (George J. Puckhafer of counsel)* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Webster J. Oliver,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation entered as "metal parts of miners safety lamps." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for, plus a tax of 3 cents per pound under section 601 (c) (7) of the Revenue Act of 1932 as articles composed in chief value of copper. It is claimed that said articles are properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 372 of said act for parts of an "apparatus for the generation of acetylene gas from calcium carbide," plus the aforesaid copper tax of 3 cents per pound.

The importation was shipped in a knocked-down condition. In evidence herein as Exhibits 1, 2, and 3 are samples of the water tank, the aluminum reflector, and the carbide container, respectively. These parts when assembled compose a miner's safety lamp, the only missing element being the burner which is of American manufacture.

Also in evidence is the testimony of Charles Ernst Will, an employee of the plaintiff corporation. After identifying the exhibits, he testified that the article, when assembled, is known as a carbide acetylene lamp. He then proceeded to demonstrate the use of the lamp by placing water in the appropriate container, filling the carbide container with carbide, showing how the water drops on the carbide formed acetylene gas which he then lighted. The witness testified that the pouring or dropping of the water on the carbide causes the generation of acetylene gas and that the lamp using such gas is employed by miners in copper mines.

On cross-examination the witness testified that the purpose of the assembly of Exhibits 1, 2, and 3 with the American tip or burner is to create light; that in its complete form it is called a miner's lamp; and that this miner's lamp does not generate acetylene gas for any commercial purpose.

Upon this record counsel for the plaintiff in their brief filed herein contend that the miner's lamp in question is an apparatus for generat-

ing acetylene gas from calcium carbide and as such is *eo nomine* provided for in said paragraph 372.

On the other hand, counsel for the Government strongly argues that while these lamps do generate acetylene gas from carbide, nevertheless they are not the kind of apparatus contemplated by said provision in that the generation of the acetylene gas is a mere incident in the production of light.

Unfortunately there does not appear to be anything in the congressional history of this particular provision in paragraph 372 of the Tariff Act of 1930 which might tend to throw any light upon what Congress had in mind in enacting it as new legislation, appearing for the first time in the present act.

It appears that paragraph 628 of the Tariff Act of 1909 and subsequently paragraph 550 of the 1913 law provided free entry for miners' safety lamps and parts thereof. On the other hand, neither the 1922 nor the 1930 act contained any specific provision for miners' safety lamps either in the dutiable schedules or in the free list.

So far as the decisions of this court are concerned it appears that in the case of *Concordia Electric Co.* v. *United States*, Abstract 49906, 48 Treas. Dec. 640, this court held merchandise invoiced as "electric safety mine lamps" to be properly dutiable under paragraph 399 of the Tariff Act of 1922 as manufactures of metal not specially provided for. On the other hand in the case of *Universal Lamp Co., Inc.* v. *United States*, Abstract 23527, 63 Treas. Dec. 1397, this court held certain "file wheels" which were parts of miners' lamps and which were assessed with duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for to be properly dutiable at the rate of 20 per centum ad valorem under the new provision in said act for parts of apparatus for the generation of acetylene gas from calcium carbide.

Counsel for the Government, however, contends that this latest decision of the court should not prevail for the reason that the issue was there submitted without briefs and that the question of placing this particular provision in a paragraph which is manifestly a strictly machinery paragraph was not presented to the court.

It is evident that the acetylene gas created in the lower chamber of the miner's lamp at bar could not be used for any other purpose than the igniting of the lamp itself, because if not immediately ignited the gas would escape into the air and become lost. Therefore, it is obvious that the lamp does not generate a gas as a gas generator but merely produces such a gas as an incident to its functioning as a lamp. It is undoubtedly true that paragraph 372 of the Tariff Act of 1930 is strictly a machinery paragraph with the single exception of this provision for "apparatus for the generation of acetylene gas from calcium carbide." It would seem, therefore, that said provision,

when considered in connection with all of the other provisions, must refer to machinery for the generation of acetylene gas from calcium carbide. This conclusion is further supported by the omnibus provision at the end of the paragraph for "all other machines, finished or unfinished, not specially provided for."

We are of the opinion therefore that Congress could not have contemplated including in paragraph 372 a miner's lamp which is not only not a machine but which, strictly, is merely a device or appliance for producing light by the generation of acetylene gas. If a cooking stove were manufactured to use acetylene gas as its fuel and such gas was developed in a container attached to and made part of the stove by the simple process of dropping water on dried calcium carbide as a gas was required, it is hardly reasonable that such a stove would be classifiable as an apparatus for the generation of acetylene gas from calcium carbide. Again, if there were a provision in the tariff act for "apparatus for melting lead and other metal" and the imported merchandise was a lintoype machine which melted lead as an incidental operation in fulfilling the purposes for which the machine was made, namely, to cast from molten lead a lead slug for the line of type formed thereon, such a machine certainly would not be dutiable as an "apparatus for melting lead" because, as in the case of the merchandise at bar, melting of the lead would be only incidental to the performing of the functions for which the machine was specially designed.

But not only is the merchandise here not such an apparatus for generation of acetylene gas from calcium carbide as is contemplated by the Congress in paragraph 372 but it is something more, to wit, a complete lamp which not only generates acetylene gas but consumes it in the diffusion of light. It is, therefore, not dutiable as the apparatus named in the paragraph.

In the case of *United States* v. *Sutherland International Despatch et al.*, 21 C. C. P. A. 264, T. D. 46790, the appellate court held that certain brass channels lined with felt were more than brass channels and, therefore, dutiable as manufactures of metal not specially provided for, as classified by the collector, rather than under the provision for brass channels as claimed by the importer, for which there was an *eo nomine* provision. In that case the court said:

* * * Exhibit 1 shows the articles to be something more than brass channels. The brass channels forming a part of said article has been subjected to a manufacturing process. The testimony shows that the articles have been dedicated to a single use, and have no other use than in rectangular windows of marine craft, a use disclosed by the record to be different from the use to which brass channels without a further manufacturing process are put.

The record in the instant case discloses Exhibit 1 to be something more than an apparatus for the generation of acetylene gas from

calcium carbide, in that the gas generating apparatus has been subjected to a manufacturing process and by fittings and additions has been made into a totally different article of commerce, namely, a lamp. Moreover, this lamp has been dedicated to a sole use, namely, that of producing light and it has no other use than as a miner's lamp.

Inasmuch as the issue has been fully presented, and after mature deliberation upon the construction of the law in the premises, we are convinced that these lamps are properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for, as classified by the collector, rather than at 20 per centum ad valorem under the provision in paragraph 372 of said act for "apparatus for the generation of acetylene gas from calcium carbide," as alleged by the plaintiff. All claims are, therefore, overruled and judgment will be rendered accordingly.